IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 2018 HOUSES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1964-BN |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Bank of America, N.A., ("BOA") has filed a motion for summary judgment. *See* Dkt. Nos. 23-24. Plaintiff 2018 Houses, LLC opposes the motion, *see* Dkt. No. 26, and BOA has filed a reply, *see* Dkt. No. 27.

For the reasons and to the extent explained below, the Court grants BOA's motion for summary judgment [Dkt. Nos. 23-24] and dismisses 2018 Houses's claims with prejudice.

### **Background**

This case is about a dispute over the priority of interests in residential property located as 1509 Spa Court, Dallas, Texas 75241 ("the Property"). *See* Dkt. No. 1-1 at 6-13.

In 2004 Dojorn D. Chatmon, and Leshedia McCurry-Chatmon executed a promissory note ("the Note") to obtain a loan to purchase the Property. *See id.* at 6; *see also* Dkt. No. 24-1 at 1. The note was secured by a deed of trust ("the Deed of Trust") that encumbered the Property. *See* Dkt. No. 24-1 at 1.

The lender in this transaction was Ryland Mortgage Company, and Mortgage Electronic Registration Systems, Inc. ("MERS") served as nominee for the lender. *See* Dkt. No. 24-1 at 1.

On August 19, 2009, MERS executed an assignment of the Deed of Trust and transferred title to BAC Home Loans Servicing, LP ("BAC"). *See* Dkt. No. 24-2. The transfer of title and assignment of the Deed of Trust was recorded in the Official Real Property Records of Dallas County, Texas on September 22, 2009. *See id.* at 3.

Then, on or about June 28, 2011, BAC merged with BOA. *See id.* at 4-7.

The Chatmons eventually became delinquent in paying their homeowners' association assessments. This delinquency resulted in a $5,000.00 homeowners' assessment lien on the Property. And, on February 2, 2016, the Property was foreclosed on by the Chatmons' homeowner's association and sold at constable sale. *See* Dkt. No. 24-4. Title and Title Properties purchased the Property, taking the Property subject to the original Deed of Trust that is now held by BOA. *See* Dkt. No. 1-1 at 6.

On June 15, 2016, Title and Title Properties transferred the Property to Title and Title Properties, LLC. *See* Dkt. No. 24-5.

On November 21, 2016, Title & Title Properties, LLC transferred title to the Property to 2012 Properties, LLC. *See* Dkt. No. 24-6. On June 18, 2018, 2012 Properties, LLC deeded the Property to DBDFW2 LLC. *See* Dkt. No. 24-7.

And, on June 28, 2018, DBDFW2 LLC sold the Property to 2018 Houses, LLC. *See* Dkt. No. 24-8.

At every transfer of title, each of the deeds was recorded in the Dallas County real property records. *See* Dkt. Nos. 24-1, 24-2, 24-4, 24-5, 24-6, 24-7, 24-8.

And, to recover the original loan amount that was loaned to the Chatmons, BOA posted the Property for foreclosure sale on August 6, 2019. *See* Dkt. No. 1-1 at 7.

On August 5, 2019, 2018 Houses filed this action in the 116th Judicial District Court of Dallas County, Texas along with an Application for Temporary Restraining Order to enjoin the foreclosure sale. *See* Dkt. No. 1-1.

2018 Houses claims that it "now has legal title to the Property, has made improvements to the Property, and has maintained the structure of the Property as well as the outside of the Property." *See* Dkt. No. 1-1 at 7.

And 2018 Houses claims that it has made "several attempts" to obtain a total payoff amount of the Note from BOA so that it can pay off the Note and preserve its legal interest in the Property and remove the cloud on the title. *See id.* 2018 Houses claims that BOA has failed to provide it with such information and also refuses to acknowledge 2018 Houses as the legal owner of the Property. *See id.*

2018 Houses asserts claims for declaratory judgment, tortious interference with contract, and equity of redemption. *See* Dkt. No. 1-1.

On August 16, 2019, BOA removed this action to federal court based on the court's diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1.

BOA has filed a motion for summary judgment to dismiss all of 2018 Houses's claims with prejudice. *See* Dkt. Nos. 23-24.

In its motion for summary judgment, BOA argues that it is the owner of the first mortgage lien on the Property and therefore has a superior interest in the property. *See id.*

2018 Houses opposes the motion and argues that it is the rightful owner of the Property. *See* Dkt. No. 26.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the

nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.") (internal quotation marks and footnotes omitted).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [his or her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested

witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.") (internal quotation marks and footnote omitted). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511(internal quotation marks and footnote omitted).

If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

BOA first argues that the summary judgment evidence establishes that it has the senior mortgage lien that encumbers the Property and that 2018 Houses purchased the Property subject to BOA's lien. *See* Dkt. No. 24 at 8.

BOA points out that, under Texas law, a junior lien foreclosure sale does not terminate a senior mortgage interest in the foreclosed real estate. *See id.* And BOA asserts that 2018 Houses does not claim that the Deed of Trust was not recorded in the Dallas County property records. *See id.*

Next, BOA argues that 2018 Houses is not entitled to a declaratory judgment that would establish that 2018 has an ownership interest in the Property and has a right to pay off the Note and communicate with the mortgagee. *See id.* at 10. BOA argues that 2018 Houses has failed to allege an independent viable cause of action separate from its request for declaratory relief and, thus, under Texas law, 2018 Houses's claim for declaratory relief must fail.

BOA also asserts that 2018 Houses's claim for tortious interference with contract claim fails because 2018 Houses fails to explain how BOA's activity with 2018 Houses, a non-borrower, amounts to interference of any contract. *See id.* at 11. BOA contends that 2018 Houses has failed to produce any evidence to show that it was entitled to a payoff. *See id.* BOA also argues that 2018 Houses has failed to provide any evidence of damages. *See id.*

Next, BOA asserts that 2018 Houses's claim for quiet title to the Property fails. *See id.* at 12. BOA argues that 2018 Houses has failed to produce any evidence that BOA's interest in the Property is invalid. *See id.*

Lastly, BOA argues that 2018 Houses's claim for equitable redemption fails because BOA has advised 2018 Houses of the amount that 2018 Houses would need to tender to discharge the lien and 2018 Houses has failed to do so. *See id.* at 13-14; *see also* Lucero Decl. Dkt. No. 24-9.

2018 Houses responds to the summary judgment motion by asserting that the deed conveying title to 2018 Houses evidences that it is the current owner of record of the Property and has standing to bring its claims. *See* Dkt. No. 26 at 3.

The essence of 2018 Houses's response in opposition to summary judgment is that

> Plaintiff has an ownership interest in the Property and has the right and authority to pay on the note and communicate with any valid mortgagee or valid mortgage servicer administering the note. Plaintiff's claims all arise from Defendant's refusal to recognize that Plaintiff has an interest in the Property and have the right to receive a payoff. Defendant's refusal to provide Plaintiff a payoff has caused Plaintiff to incur damages. Defendant's refusal to acknowledge Plaintiff as a party with any authority or rights in connection to the Property is improper interference with the performance of Plaintiff's contract to purchase the Property from DBDFW2 LLC and have resulted in an ever-increasing arrearage on the Property and the proximate cause of damages to the Plaintiff. Defendant's refusals to communicate with Plaintiff and provide a payoff have resulted in an ever-increasing arrearage and also legal fees and costs to file this action to force Defendant to provide a payoff.

Dkt. No. 26 at 4.

2018 Houses also argues that its claim for declaratory relief does not fail. *See id.* 2018 Houses again asserts that BOA's refusal to provide it with a payoff amount

has caused it to incur damages. *See id.* 2018 Houses argues that BOA's refusal to recognize 2018 Houses "as a party with any authority or rights in connection to the Property is improper interference with the performance of [2018 Houses's] contract to purchase the Property from DBDFW2 LLC and have resulted in an ever-increasing arrearage on the Property and the proximate cause of damages to [2018 Houses]." *Id.* at 4. 2018 Houses argues that material questions of fact preclude summary judgment.

In reply, BOA points out that 2018 Houses's response does not meaningfully address BOA's argument on summary judgment relating to 2018 Houses's claim for tortious interference with a contract, suit to quiet title, and equitable right of redemption. *See* Dkt. No. 27 at 2.

BOA also asserts that 2018 Houses's response fails to create any fact issue with regard to its declaratory judgment claim. *See id.*

And BOA contends that 2018 Houses does not even address BOA's argument that 2018 Houses is not a bona fide purchaser, nor does 2018 Houses argue that BOA's lien is invalid. *See id.* at 3.

The Court is persuaded by BOA's arguments for summary judgment.

The summary judgment evidence establishes that BAC held the Chatmons' Note and the Deed of Trust and therefore held the senior mortgage lien on the Property. *See* Dkt. No. 24-2 at 1-2. BAC's interest in the Property was filed and recorded in the official public records of Dallas County on September 22, 2009. *See id.* at 3. The evidence also establishes that BAC merged with BOA in 2011. *See id.* at 4-7. Thus, BOA is the current holder of the Note and Deed of Trust.

And, while 2018 Houses asserts that it purchased the Property on June 18, 2018, it acknowledges that it "purchased the Property subject to the note held by Defendants." Dkt. No. 1-1 at 8.

The summary judgment evidence also supports dismissal of 2018 Houses's tortious interference with contract claim. In its complaint, 2018 Houses alleges that its tortious interference with contract claim arises out of BOA's refusal to acknowledge 2018 Houses as a party with any authority or rights in connection to the Property. *See* Dkt. No. 1-1 at 8. 2018 Houses alleges that BOA's refusal to communicate with it has "resulted in an ever-increasing arrearage, and now the immediate threat of the loss of the Property in a foreclosure sale." *Id.* In essence, 2018 Houses's claim arises out of BOA's alleged refusal to provide an opportunity to pay off the senior mortgage lien.

And, in opposition to summary judgment, 2018 Houses alleges that BOA's refusal to acknowledge 2018 Houses as a party with any authority or rights in connection with the Property amounts to "improper interference with the performance of [2018 Houses's] contract to purchase the Property from DBDFW2 LLC." Dkt. No. 26 at 4.

But 2018 Houses has not alleged or provided any competent summary judgment evidence to show that it is entitled to receive a payoff amount. 2018 Houses is not a party to the Deed of Trust, and it has not assumed the position of the mortgagor after purchasing the Property.

The Court adopts the caselaw cited by BOA and finds that BOA owed no duty to 2018 Houses to provide information regarding the payoff amount. *See Gonzalez Equities Ltd. v. Select Portfolio Servicing, Inc.,* No. SA-14-cv-1087-XR, 2015 WL 4508353, at *5 (W.D. Tex. July 24, 2015) (holding that a junior lienholder had no right to senior lien payout amount) (citing *Sanders v. Shelton*, 970 S.W.2d 721, 726–27 (Tex. App.-Austin 1998, no pet.) ("[W]e hold that the Trustee owed no duty to [a different debtor than a mortgagor with an interest in the property] to provide information regarding the payoff amount of the underlying obligation.")).

More fundamentally, 2018 Houses acknowledges that it purchased the Property subject to the Deed of Trust. 2018 Houses's argument that BOA is tortiously interfering with its performance of the contract with DBDFW2 LLC fails to persuade because 2018 Houses acknowledges that it entered into the contract with DBDFW2 LLC subject to BOA's Deed of Trust encumbering the Property.

2018 Houses's claim for equitable right of redemption fails because the summary judgment evidence shows that BOA provided 2018 Houses with a payoff amount on September 24, 2019 and advised 2018 Houses that it would need to tender the payoff amount by October 11, 2019. *See* Dkt. No. 24-9. And, although 2018 Houses submits a declaration from its manager, Dan Blackburn, in opposition to summary judgment, Mr. Blackburn does not deny that BOA provided 2018 Houses with a payoff amount on September 24, 2019. *See* Dkt. No. 26 at 7-8.

Turning to 2018 Houses's claim for quiet title, that claim fails because 2018 Houses does not allege that BOA's interest in the Property is invalid. 2018 Houses

acknowledges that it bought the Property subject to the Deed of Trust that is held by BOA. *See* Dkt. No.1-1 at 8.

And, because 2018 Houses does not assert an independent viable cause of action separate from its request for declaratory relief, its request for declaratory judgment cannot survive summary judgment. *See Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir. 2003).

At bottom, 2018 Houses acknowledges that it purchased the Property in 2018 subject to the Deed of Trust held by BOA. And, in September 2019, BOA apparently communicated to 2018 Houses the dollar amount that 2018 Houses would need to tender in order to pay off the senior mortgage lien. 2018 Houses does not dispute this but instead appears to complain that BOA should have communicated the payoff amount sooner. But BOA was not under any obligation to provide 2018 Houses with a payoff amount in the first place.

In essence, 2018 Houses's only argument against summary judgment is that it is the current owner of record of the Property, has standing to bring its claims, and is entitled to tender a payoff amount to discharge the mortgage that encumbers the Property. *See* Dkt. No. 26. But, other than these blanket assertions, 2018 Houses makes no credible argument against summary judgment and provides no competent summary judgment evidence to support its claims.

## Conclusion

The Court grants Bank of America's motion for summary judgment [Dkt. Nos. 23-24] and dismisses 2018 Houses's claims with prejudice.

13

SO ORDERED.

DATED: August 31, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE